UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RAYSHAWN SHOFFNER,

    Plaintiff,

v.                                                Case No. 3:23cv16745-MCR-HTC

OFFICER P. YOUNG,
LT. SWANSON,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983 alleging Defendants, officers at Okaloosa County Jail ("the Jail"), used excessive force against him.[1]  ECF Doc. 1. Upon screening the complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, the undersigned found it failed to state a claim on which relief may be granted and allowed Plaintiff an opportunity to clarify his allegations in an amended complaint. ECF Doc. 6.

On August 17, 2023, Plaintiff filed an amended complaint, ECF Doc. 7, which the Court has also reviewed.  Despite being specifically directed that Plaintiff does

---

[1] Based on the Okaloosa County Circuit Court's electronic docket, Plaintiff is currently awaiting trial in several criminal cases.  The Plaintiff's state court records are available at the following URL: https://clerkapps.okaloosaclerk.com/benchmarkweb2/CourtCase.aspx/CaseSearch.

not have a claim against Defendants in their official capacity and, further, that his claim arises, if at all, under the Fourteenth and not Eighth or Fourth Amendment, Plaintiff's amended complaint fails to cure these deficiencies.  This Court cannot rewrite Plaintiff's complaint for him, and, because Plaintiff failed to follow this Court's clear instructions for amending the complaint, the undersigned recommends this action be dismissed without prejudice.

## I. BACKGROUND

Plaintiff, a pretrial detainee, currently incarcerated at the Okaloosa County Jail, files this suit arising out of an incident occurring on July 27, 2022, and involving Defendants Lt. Swanson and Officer Young.  Specifically, Plaintiff alleges these officers used excessive force on him during an attempt to remove Plaintiff from his cell.  ECF Doc. 1 at 5-6.

Plaintiff sued Defendants Swanson and Young in only their official, rather than individual, capacity.  Also, Plaintiff claimed Lt. Swanson violated his Fourth Amendment rights due to an excessive use of force and that Officer Young violated his Eighth Amendment protection against cruel and unusual punishment.  *Id.* at 8.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner proceeding *in forma pauperis* and seeking relief from government employees, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which

relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).  To state a claim, Plaintiff must plead factual content which allows the Court to draw the reasonable inference the Defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court must read Plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III.   DISCUSSION

Previously, the Court reviewed the original complaint, ECF Doc. 1, and issued an order instructing Plaintiff that his complaint failed to state an official capacity claim or claims under the Fourth or Eighth Amendments against Defendants.  ECF Doc. 6.  Plaintiff was thus instructed to file an amended complaint which (1) either sued Defendants in their individual capacity or added allegations supporting official capacity liability, and (2) brought claims under the Fourteenth Amendment, rather than Eighth and Fourth Amendments, because Plaintiff is a pretrial detainee.  *Id.* Plaintiff failed to follow the Court's instructions and continues to sue Defendants in their official capacity under the Eighth and Fourth Amendments.  Therefore, the amended complaint continues to fail to state a claim.

As the undersigned previously instructed Plaintiff, a claim against government employees (such as Jail guards) in their official capacities is considered one against the entity that the individuals represent, in this case the Sheriff. *Farred v. Hicks*, 915 F.2d 1530 (11th Cir. 1990); *Hagans v. Okaloosa Cnty. Jail*, No. 3:07CV424/MCR/MD, 2007 WL 3071583, at *2 (N.D. Fla. Oct. 19, 2007) (citing *See Mitchell v. Untreiner,* 421 F.Supp. 886, 888 (N.D. Fla.1976) (referring to the sheriff as "the Chief Jailer" of the county jail)). However, to state a claim against the Sheriff, Plaintiff must allege facts sufficient to show that his constitutional rights were violated pursuant to an official policy, practice or custom of the Sheriff. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690-91 (1978). Here, however, despite being warned, Plaintiff continues to assert only official capacity claims while not alleging the individual defendants acted pursuant to any policy or custom of the Sheriff.

Plaintiff also failed to heed the Court's warning that he cannot state an excessive force claim under the Fourth or Eighth Amendment, only the Fourteenth. Claims "involving the mistreatment of . . . pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause" rather than the Fourth or Eighth Amendment. *See Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996) (citations omitted); *Crocker v. Beatty*, 995 F.3d 1232, 1246 (11th Cir. 2021), *cert. denied*, 211 L. Ed. 2d 522, 142 S. Ct. 845 (2022) ("under the Supreme Court's

current framework, the Fourth Amendment covers arrestees, the Eighth Amendment covers prisoners, and the Fourteenth Amendment covers 'those who exist in the in-between—pretrial detainees.'") (citing *Piazza v. Jefferson Cty.*, 923 F.3d 947, 952 (11th Cir. 2019)).  Thus, Plaintiff's claims against the Defendants fail as a matter of law.

Also, given Plaintiff's failure to follow the Court's instructions in the amended complaint, the undersigned finds this action should be dismissed without prejudice.  "[T]he Eleventh Circuit has affirmed the dismissal of a pro se complaint where a plaintiff fails to heed the pleading instructions from the court regarding re-drafting the complaint."  See *Ussery v. Roundtree*, 2022 WL 2101338, at *1 (S.D. Ga. June 10, 2022) (citing *Taylor v. Spaziano*, 251 F. App'x 616, 620-21 (11th Cir. 2007) (per curiam)); *Pierre v. Kolodzeij*, No. 3:20CV4786-LC-HTC, 2020 WL 3871491, at *6 (N.D. Fla. June 9, 2020), *report and recommendation adopted*, No. 3:20CV4786-LC-HTC, 2020 WL 3871454 (N.D. Fla. July 8, 2020) ("the fact that the undersigned specifically instructed Plaintiff that he could not combine unrelated claims in one action, and Plaintiff ignored that instruction, makes dismissal of Pierre's complaint particularly appropriate").  It is well settled that despite Plaintiff's *pro se* status, the Court is not at liberty to write Plaintiff's complaint for him.  See e.g., *Butler v. Broward Cty. Cent. Examining Bd.*, 367 F. App'x 991, 992 (11th Cir. 2010) ("it is not the district court's role to act as Butler's *de facto* counsel and *sua*

*sponte* seek out those documents in order to rewrite her pleadings"); *Pontier v. City of Clearwater, Fla.*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995) ("A court cannot rewrite an inadequate complaint to plead essential allegations in order to sustain an action. This is true even in cases involving *pro se* litigants.").

Accordingly, it is respectfully RECOMMENDED that:

1. Plaintiff's Amended Complaint, ECF Doc. 7, be dismissed under 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1) for failure to state a claim.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 28th day of August, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.